Cox, J.
This case comes before us, as both parties claim, by appeal.
The case in the court below was brought by plaintiff to recover from the defendant, as administrator of the estate of B. A. Mecum, deceased, the sum of $862.52, with interest from July 25, 1885, for an amount due him on a contribution as co-surety with Mecum on the bond of Gustav Wichman, treasurer of the school district of Sycamore township, Hamilton county, Ohio.
Plaintiff avers that they were both on the bond of said Wichman in the sum of $5,000; that Wichman made default in payments, and a suit was brought against plaintiff, and a recovery had against him for $1,890.58, and costs, and that he had been compelled to pay the amount, and therefore called on the administrator of the estate of Mecum to pay him one-half ot said amount.
The defendant answered, setting up as a defense, that in the suit in which plaintiff states judgment was rendered against him for $1,890.58, Mecum, his intestate, was also a party, and both were represented by counsel, and testimony heard, and *405 a verdict rendered in favor of Mecum that he was not liable on said bond; wherefore he asks to be dismissed with his costs.
To this answer plaintiff demurred, and the demurrer was sustained by the court.
On a query from the court as to whether the case was an appealable one, both parties cited and relied on the case of McCrory v. Parks, 18 Ohio St. 1, wherein the court held “that the liability existing between co-sureties is always to be settled upon principles of equity and justice. From the nature of the case, each party is entitled to an account, to determine either the fact or extent of his liability. In a suit by one against several co-sureties, the object of the action is to enforce an account to determine the equities between them, and, without a multiplicity of actions, to settle the respective rights of each in one case. Looking at the pleadings in the ease, we think it was not within the meaning of the statute an action for the recovery of money, in such a sense as to give either party the right to demand a trial by jury; and that therefore the case was appealable to the district court.”
We do not think this case applies to the one at bar. In that case it will be seen that the court decided it by “ looking at the pleadings in the ease,” and from the pleadings held that it was appealable.
Looking at those pleadings, it will be seen that it was a complicated case in equity, and not properly triable by a jury. It was an action brought by one surety on a sheriff’s bond against three other co-sureties, and alleging that there were two others, one of whom had paid one-fifth of same and the other had died insolvent. One of the defendants answered, setting up by way of cross-petition, that he is entitled to recover of plaintiff $833.36 by reason of his having been compelled by execution to satisfy another judgment for amercement against the sheriff in another county in which the sheriff and he and all the sureties were parties, and alleging fraud, and praying for a judgment against the plaintiff and the other sureties for contribution. To this the plaintiff filed a reply alleging all the particulars in *406 regard to the fraud charged against the sheriff in the sale of a saw mill, and denying all fraud and alleged sham bidding at the sale by Parks, and denying that Parks ever paid anything on said judgment. The court, page 8, say: “The ultimate purpose of this action was, undoubtedly, the recovery of money. But the case made in both the petition and cross-petition is not one where a money judgment merely is sought by one party against another. In both, one party is seeking to recover against several parties, in a case where, though they are mutually liable, each one stands upon his own individual right, and a joint judgment can not be rendered against them,”
William Cornell, for plaintiff.
Irwin & Murray, for defendant.
But in this case, simply, one plaintiff claims he was surety on a bond, and paid a judgment against him as surety, calling on the only other surety to pay him one-half the judgment, and the defendant answering sets up only a legal defense, to-wit, that in the same suit wherein judgment on the bond was rendered against plaintiff, there was also a verdict of the jury finding that defendant was not liable.
This is simply a suit at law for money wherein each party would be entitled to trial by a jury/ and is therefore not appealable, and comes clearly within the case of Gunzaulus, Adm’r, v. Pettit, 46 Ohio St. 27, the syllabus of which is as follows: “The-right to trial by jury does not depend upon the principles upon which relief is asked, but upon the nature and'character of the relief sought. If the relief sought is a judgment for money only, the fact that before the adoption of our reformed system of procedure the proper remedy would have been by a suit in equity, does not affect the right of either party to a ti;ial by jury upon any issue of fact made by the pleadings.”
The appeal will therefore be dismissed.